IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                          Case No. 2:10-cr-02

Boyd Hatfield

<u>ORDER</u>

Defendant was convicted in the District of Kansas of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Defendant was sentenced to a term of 60 months incarceration, to be followed by a four-year term of supervised release. Defendant completed his term of incarceration and commenced his term of supervised release on December 11, 2009.

This matter is now before the court on defendant's motion for early termination of supervised release.

Under 18 U.S.C. §3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. §3583(e)(1). The above enumerated factors under 18 U.S.C §3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the

sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (5) the kinds of sentence and sentencing range established under the United States Sentencing Guidelines; (6) any pertinent policy statements in the Guidelines; (7) the need to avoid unwarranted sentence disparities; and (8) the need to provide restitution to the victims of the offense.[1] "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." United States v. Atkin, 38 Fed.Appx. 196, 198 (6th Cir. 2002)(citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

Defendant has served more than two-and-a-half years of supervised release, and therefore meets the threshold requirement for early termination. Defendant is now almost 58 years of age. He is married, has maintained steady employment, and has been drug-free. The probation officer has indicated that defendant has been in compliance with all of the conditions of his supervised release and has done everything that was requested of him. However, the government opposes early termination of supervised release, noting that the instant offense was not defendant's first federal drug offense, and that if defendant were to become involved in criminal conduct in the future, he would be classified as a career offender.

---

[1] Although §3583(e) does not specifically list 18 U.S.C. §3553(a)(2)(A), which addresses the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as a factor to consider, the Sixth Circuit has held that the sections listed in §3583(e) are not exclusive, that §3553(a)(2)(A) matters are properly considered in any event as part of the "nature and circumstances of the offense" under §3553(a)(1), and that it was not reversible error for the district court, in the case before it, to consider the §3553(a)(2)(A) factors in deciding whether to revoke a term of supervised release. See United States v. Lewis, 498 F.3d 393, 399-400 (6th Cir. 2007).

The government argues that the defendant has demonstrated a likelihood of recidivism in the past, and that early termination of supervised release would not adequately protect the public from future criminal activity by the defendant.

The court agrees with the government's position. At the age of 42, defendant was previously convicted of a federal drug trafficking crime in this court in Case No. 2:96-cr-74-2, specifically, conspiracy to possess with the intent to distribute cocaine. That investigation revealed that defendant was a member of the Brothers Motorcycle Club and that he supplied club members with cocaine. He was sentenced to a term of 6 months incarceration, and three years of supervised release. Defendant successfully completed his term of supervised release in August of 2000. However, six years later, at the age of 52 (when defendant arguably should have been more mature and should have learned from his past mistakes), he was convicted and sentenced in the instant case for another serious federal drug trafficking crime. The term of supervised release imposed by the sentencing court was appropriate and necessary to reflect the nature, circumstances and seriousness of the offense, to deter the defendant from engaging in further criminal conduct, and to protect the public from more crimes by the defendant.

After considering and weighing all of the statutory factors and the information in the record, including the presentence investigation report prepared in the Kansas case, the court concludes that early termination of supervised release is not warranted at this time or in the interests of justice. The fact that defendant has demonstrated recidivist tendencies in the past, despite being of relatively mature age and having successfully

completed a previous term of supervised release, weighs heavily against early termination of supervised release in this case.  The motion for early termination of supervised release is denied.

Date: August 6, 2012                     s/James L. Graham
                                    James L. Graham
                                    United States District Judge